# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HERNANDEZ, | **Case No. 1:17-cv-01071-SKO (PC)** |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO KEEP HIS ADDRESS OF RECORD UPDATED** |
| v. | |
| CARRANZA, et al., | |
| Defendants. | **(Doc. 3)** |
| | **TWENTY-ONE (21) DAY DEADLINE** |
| | **CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE** |

    Plaintiff, David Hernandez, is proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983. Plaintiff filed this action on August 10, 2017. On August 14, 2017, the First Informational Order issued which informed Plaintiff of various requirements to pursue this action (including the requirement to keep his address of record updated), and contained an order for Plaintiff to consent or decline to magistrate judge jurisdiction. (Doc. 3.) Plaintiff was required to return the form indicating his affirmative or negative response to magistrate judge jurisdiction within thirty (30) days. (Doc. 3-1, p. 1.)

    The First Informational Order and the order re magistrate judge jurisdiction were returned by the United States Postal Service on September 5, 2017, as undeliverable, noting that Plaintiff was not in custody. The order granting Plaintiff's motion to proceed *in forma pauperis* that issued on August 16, 2017, was likewise previously returned on August 29, 2017, as undeliverable and unable to forward. An order issued on October 24, 2017, for Plaintiff to show cause why this

action should not be dismissed for failure to comply with the Court's order and to keep his address of record updated. (Doc. 5.) This order was served on Plaintiff that same day and granted twenty-one (21) days for Plaintiff to file a response. (*Id.*) More than twenty-one (21) days have passed without Plaintiff having filed a response to the order to show cause, or having updated his address with the Court.

A *pro se* plaintiff must keep the Court and opposing parties informed of the party's correct address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. *Id.* If mail directed to a *pro se* plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be served a second time absent a notice of change of address. If a *pro se* plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute. Local Rule 183(b).

The Local Rules corresponding with Fed. R. Civ. P. 11 provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff abandoned this action shortly after its commencement. Whether Plaintiff did so mistakenly or intentionally after having been released from custody is inconsequential. It matters not that the First Informational Order was not delivered to Plaintiff, as

its mailing was merely a courtesy extended by this Court to incarcerated parties who may not otherwise have ready access to the Local Rules. It is Plaintiff's responsibility as the party initiating this action to comply with the Court's Local Rules which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources to screen or otherwise address a case that Plaintiff has chosen to ignore.

Accordingly, the Court **HEREBY RECOMMENDS DISMISSAL** of this action, based on Plaintiff's failure to prosecute and comply with the Local Rules by keeping his address of record updated. Fed. R. Civ. P. 41(b); Local Rule 183(b). The Clerk of the Court is directed to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 21, 2017**　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE